# Isett *against* Hoge.

In order to maintain an action on the guarantee of a note, the plaintiff must show that he has used due diligence to recover the money from the payer.

ERROR to *Westmoreland* county. ·

This action was by John Kuhns, executor of Henry Isett deceased, against Thomas Hoge.

William Johnston gave his note, under seal, dated the 2d day of May 1812, by which he promised to pay to Henry Isett, or order, 300 dollars, twelve months after date, with lawful interest from the date.

Appended to the note is the following writing:

" I do hereby guaranty the payment of the above note to the said Henry Isett.

                                        " THOMAS HOGE.

" Test. William Hill."

On the 2d of May 1813, Henry Isett received one year's interest on the debt; on the 2d of May 1814, he received another year's interest; on the 2d of May 1815, he received another year's interest: which payments are indorsed on the note. Henry Isett died the 19th of November 1818, and William Johnston died the 17th of November 1820.

Suit was brought by the executors of Isett against Johnston's executors to February term 1823, and on the 25th of May 1824 judgment was obtained for the debt and interest due on the note. A

[Isett v. Hoge.]

*fieri facias* issued to November term 1824, which was returned without making the money.

The orphan's court appointed auditors to marshal the assets of the estate of William Johnston deceased, out of which the plaintiff was entitled to receive the sum of 54 dollars 50 cents.

The defendant, William Johnston, had been possessed of considerable estate, which was levied and sold by virtue of sundry judgments and executions against him.

This action was brought upon the above mentioned guarantee.

The defendant pleaded *non assumpsit,* and *non assumpsit infra sex annos.*

The counsel for the plaintiff requested the court to charge the jury:

1. That the defendant is not discharged from his guarantee by any delay in bringing suit against William Johnston.

2. That the defendant is not protected by the act of limitations.

The court (Young, president) was of opinion, and so instructed the jury, that the plaintiff was not entitled to recover; and they found a verdict accordingly.

*Alexander,* for plaintiff in error, cited, Gibbs *v.* Cannon, 9 *Serg. & Rawle* 201 ; Overton *v.* Tracey, 14 *Serg. & Rawle* 327 ; *Chitty on Bills* 5 ; *Star. Ev.* 1386 ; Eddowes *v.* Niell, 4 *Dall.* 133 ; Dehuff *v.* Turbett, 3 *Yeates* 157 ; Thursby *v.* Gray, 4 *Yeates* 518 ; Commonwealth *v.* Wolbert, 6 *Binn.* 300 ; Cope *v.* Smith, 8 *Serg. & Rawle* 110 ; Geddis *v.* Hawk, 10 *Serg. & Rawle* 33 ; 1 *Gall.* 32 ; 3 *Dess.* 604.

*Foster,* for defendant in error, cited, Overton *v.* Tracy, 14 *Serg. & Rawle* 327 ; Gibbs *v.* Cannon, 9 *Serg. & Rawle* 202.

PER CURIAM.—In Johnston *v.* Chapman, 3 *Penns. Rep.* 18, a guarantee was held to be an engagement to pay in default of solvency in the debtor, provided due diligence was used to obtain payment from him ; and that merely to demand payment, is not due diligence. Here payment was not even sought for in the lifetime of the drawer, who lived nearly eight years after the note fell due ; and this is such gross negligence as to render a resort to the statute of limitations entirely unnecessary. It is impossible to say the money would not have been obtained had the debt been pressed ; and to suffer the plaintiff to recover against the guarantee under these circumstances, would expose the latter to loss which was probably produced by the supineness of another.