## Mizner *versus* Spier.

1. A judgment note was endorsed as follows: "I guarantee the payment of the within note, for value received, L. H. MIZNER." In an action by the payee of the note, *Held* (reversing the court below), that this was a contract of guaranty; that Mizner's undertaking was an agreement to pay only in case of the insolvency of the makers, or after due diligence had been used to collect the note from them.

2. The fact that this guaranty was made at the time of the execution of the note did not affect its character but only the consideration by which it was supported.

3. If the makers of the note, or either of them, were solvent when the note fell due, it was the duty of the payee to have used proper diligence in the collection of his claim, and failing in this the guarantor was discharged.

4. Amsbaugh *v.* Gearhart, 1 Jones 482; Campbell *v.* Baker, 10 Wright 243, and Roberts *v.* Riddle, 29 P. F. Smith 468, distinguished.

November 26th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Mercer county :* Of October and November Term 1880, No. 164.

Assumpsit by Seth Spier against L. H. Mizner, founded on a contract of guaranty or surety.

At the trial, before Taylor, P. J., it appeared that Spier, on August 19th 1872, took from M. R. Kerney, Hugh Montgomery and William Corll three judgment notes for $266.66 each, due at three, six and nine months, making them fall due on November 19th 1872, February 19th 1873 and May 19th 1873, respectively. These notes were all signed by Kerney, Montgomery and Corll, and on the back of each of them was the following: " I guarantee the payment of the within note, for value received. L. H. MIZNER." Judgment was entered on all three of the notes on August 23d 1872. The first note became due on November 19th 1872, and on the next day the plaintiff issued a fi. fa., on which, however, there was no levy, the writ having been stayed at the instance of plaintiff's attorney. No further effort to collect the amounts of the judgments was made until December 9th 1874. During this time Montgomery lived in Mercer county, and it was alleged the notes could have been collected from him at any

[Mizner *v.* Spier.]

time during that period.    In a deposition read at the trial, S. R. Mason deposed as follows :—

" I was attorney for M. R. Kerney, who was indicted for obtaining goods by false pretences from the plaintiff in this suit. The case was compromised before it came to trial in the Court of Quarter Sessions of Mercer county, Pa., by the three notes signed M. R. Kerney, Hugh Montgomery and William Corll, and guaranteed on the back thereof by the defendant, L. H. Mizner.    I, with the counsel for the Commonwealth, assisted in making the settlement.    The parties to the note and the defendant in this case all being present, I drew the notes with the guarantees thereon, and they were signed in the presence of the plaintiff, G. W. Carskadden and myself, and perhaps others.    After the notes were signed and delivered to the plaintiff; the case of the Commonwealth was settled on the docket of the justice, signed by the attorneys of the parties.    Kerney and Corll are non-residents of this state and Montgomery is insolvent. This suit was brought on the guarantee on the notes filed.

After the case was settled, I applied to Judge TRUNKEY for a writ of habeas corpus for the discharge of Kerney, who was then in prison.    He suggested that as it was a case to be settled under the Act of Assembly that the settlement be made on the docket of the justice, which was accordingly done.    The making of the notes, the guarantee thereon and the signatures of the parties were all one transaction, made at the same time and place, and in my presence, and in the presence of the witnesses above referred to ; the guarantee was written on the note before Mizner signed it."

The verdict was for plaintiff for $1150.10.

A rule to show cause why a new trial should not be granted was taken, which the court discharged in an opinion, saying :

" This is an action of assumpsit against L. H. Mizner, founded upon a contract of guaranty or surety, and as the right of the plaintiff to recover turns upon the construction to be given to this contract, it is unnecessary to detail particularly all the circumstances or to discuss other questions raised.

" The consideration for the execution of the three several judgment notes by the parties was a good one, and the uncontradicted evidence upon the trial shows clearly that the contract of Mizner was contemporaneously executed, and further, that the execution of the contract by Mizner was the inducing cause which led the plaintiff to part with his property, for he says he knew the parties signing upon the face of the notes were worthless, and he would not have made the sale to them but for the guaranty of Mizner, known to him to be responsible.    Upon the trial we were of the opinion that the contract of Mizner was a general guaranty, and, being a collateral undertaking to entitle the plaintiff to recover, he must

[Mizner v. Spier.]

have shown due diligence in his. efforts to collect the indebtedness from the principal debtor. If we were correct in the view then taken, a new trial should be granted, for under an erroneous·view of the facts in evidence the jury were not instructed as they should have been upon some material points. The verdict was for the plaintiff, and, if upon the uncontroverted facts in evidence, the verdict of the jury is right, it should not be disturbed for an error which could work no injustice. Upon a more careful examination of the question of law raised, we are forced to the conclusion that we were in error in our construction of the contract. It is in these words : ' For value received I hereby guarantee the payment of this note. (Signed) L. H. MIZNER.' Bearing in mind that this undertaking of Mizner's was entered into at the time of the execution of the notes, and was the real consideration for the transfer of the property, we are satisfied that it was an original undertaking upon the part of Mizner, and being so, under the evidence in the cause, it was unnecessary to. first pursue the parties executing the note as principals, or show their insolvency. In Snevily v. Johnston, 1 W. & S. 307, the guaranty was in these words : ' I guarantee the within note to John Johnston ;' and in the opinion the broad principle that ' when the guaranty or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction.' In Amsbaugh v. Gearhart et al., 1 Jones 482, in a Per Curiam opinion, it is held that when one endorsed without date upon a note ' I will see the within paid,' he is liable as₁ an·original promisor, and not as a guarantor. The same principle is enunciated in Campbell v. Baker, 10 Wright 243 ; Reigart v. White, 2 P. F. Smith 483 ; Roberts v. Riddle, 29 Id. 468. In the light of these authorities it would seem that the contract of Mizner was not a contract of guaranty in the technical sense, but rather that of surety. For these reasons the rule for a new trial must be discharged."

Judgment was then entered on the verdict, when defendant took this writ and made the following assignments of error :—

1. The court erred in not affirming, without qualification, the defendant's second point : "That the plaintiff, in order to recover against the defendant in this case, must prove that he used due diligence in his efforts to collect the debt from the principal debtors at the maturity of said notes, or. excuse himself by showing that they were insolvent at such maturity," but answering as follows : "Affirmed, if you further find that the collection of the indebtedness from the principals was not delayed at the request of the guarantor, Mizner."

2. In not affirming, without qualification, the defendant's third point, which is in these words: " That if the jury believe from the

[Mizner *v.* Spier.]

evidence that the notes guaranteed fell due November 19th 1872, February 19th 1873 and May 19th 1873, and the plaintiff made no ·effort to collect said notes from the defendants, or any of them who resided in Mercer county, where the notes were entered and the plaintiff resided, except to issue a writ on one of them in December 1872, which was stayed by the plaintiff, and issue writs in December 1874 on said judgments, which were all stayed by the plaintiff without an effort to make the money, then the plaintiff did not use due diligence to collect the same from the principal debtors, but was guilty of negligence and cannot recover," but answering as follows : " Affirmed, if you find that the writs were not stayed at the request of Mizner."

3. In not affirming, without qualification, the defendant's fourth point : " That if the jury believe from the evidence that, at the time the notes guaranteed by the defendant fell due, · the principal debtors, or any one of them, residing in Mercer county, were solvent and of sufficient ability to pay said notes, it was the duty of the creditor at the maturity of the said notes to proceed to collect his money, and if he failed to make such effort for a period of eighteen months, then he was guilty of such negligence and want of due diligence as would release the defendant from his guaranty, and the plaintiff cannot recover," but answering as follows : " Affirmed, if such delay was not at the request of Mizner."

4. In not affirming, without qualification, the defendant's fifth point, which is in these words : " That, if the jury believe from the evidence, that in December 1874, when the plaintiff issued his writs against the principal debtors, they, or any of them, had sufficient property in Mercer county which could have been levied on and sold to satisfy said writs, and the plaintiff had thus actually or potentially the means of satisfaction in his hands or within his reach, and he failed to do so, especially when told by the defendant to make his money out of the principal debtors, but stayed his writs, and thus lost the means of satisfaction, and the property has since been removed and disposed of, and the principal debtors have since become insolvent, then the plaintiff was guilty of such negligence as would release the defendant from his obligation under the paper in this suit, whether the same be regarded as a guaranty or surety, and cannot recover," but answering as follows : " Affirmed, with the same qualification as the answer to the last point."

5. The court erred in that part of the general charge which is in the words following : " There is no evidence that the principal had changed in any manner as to his solvency—that his status had become changed in any manner after the note became due prior to the issuing of the executions. And if, when those executions were in the sheriff's hands, the parties got together, and at Mizner's request those writs were stayed and returned, and if you believe the

[Mizner *v.* Spier.]

evidence of Carskadden that Mizner said it should not affect him, that it was at his request that the writs were stayed, he would now be estopped from coming in and saying that the plaintiff was guilty of laches in not collecting of the principals at that time, if afterwards the principals became insolvent and he could not collect it.''

6. The court erred in that part of the general charge which is in these words : '' And that will probably be the turning point, we think, in the case. Was it at the request, and with the knowledge of Mizner, that those executions were returned ? If so, under the evidence in the case—all the evidence—your verdict should be for the plaintiff.''

*S. Griffith & Son* and *E. P. Gillespie*, for plaintiff in error.— We contend that the endorsement of Mizner implies only a general warranty, a secondary or conditional liability : Johnson *v.* Chapman, 3 Barr 18 ; Isett *v.* Hoge, 2 Watts 128 ; Snevily *v.* Ekel, 1 W. & S. 203. The court misapprehended the import of these decisions and refused a new trial, though admitting at the same time that they had erred in their instructions to the jury if the paper was a guaranty. In the charge to the jury and the answer to our first point, the court affirmed our position, and we could not therefore complain ; but in their answers to our 2d, 3d, 4th and 5th points, we contend they erred in that they did not give to each an unqualified affirmative answer, and in charging as they did in that portion of the charge alleged to be error. The assignments of error, though six in number, involve the same principles, the duty of Spier in the premises before he could hold Mizner on his contract of guaranty or recover a verdict against him.

*Mason, Zeigler & Bowser*, for defendant in error.—On the trial of the case the court affirmed every point put by the defendant, and refused to affirm the plaintiff's first point : '' That if the jury believe from the evidence that the signing of the notes and the guarantee was a part of the same transaction, then the defendant is liable as an original promisor, and the plaintiff was not bound either to pursue the principal or show his insolvency.'' This was clearly an error, and the court so says. But the jury found the facts correctly, and their verdict was right, although the court fell into an error in their charge upon this point. A motion was made for a new trial on the part of the defendant, and, after full argument and consideration, was refused by the court in an opinion which clearly enunciates the correct principles of the law governing this case. This writ of error is sued out, not because the court below erred in their charge or answered the defendant's points negatively, but because a new trial was refused.

The only question, we think, in this case is, Was the defendant

[Mizner *v.* Spier.]

an original promisor in these obligations ? When the guaranty is without date the legal presumption is that it was made at the time the note was made : Snevily *v.* Johnston, 1 W. & S. 307. Where the guarantee or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor : Leonard *v.* Vredenburgh, 8 Johns. 29 ; Bailey *v.* Freeman, 11 Id. 221 ; Nelson *v.* Dubois, 13 Id. 175 ; De Wolf *v.* Rabaud, 1 Pet. 501; Amsbaugh *v.* Gearhart et al., 1 Jones 482 ; Campbell *v.* Baker, 10 Wright 243 ; Roberts et al. *v.* Riddle, 29 P. F. Smith 468.

Mr. Justice GORDON delivered the opinion of the court, January 3d 1881.

The learned judge who tried this case, whilst admitting that his ruling on the facts was wrong, yet refused a new trial because, as he thought, the writing under consideration being, in fact, an original undertaking, and not, as upon its face it purports to be, a guaranty, a re-trial would but result in a verdict the same as that already rendered. Whilst we grant that the arguments leading to this conclusion are not without plausibility, yet, upon a careful review of the authorities, we have been led to a different opinion. The undertaking in controversy was appended to three several judgment notes, drawn by M. R. Kerney, Hugh Montgomery and William Corll, to Seth Spier, the plaintiff, and reads as follows : " I guarantee the payment of the within note, for value received. L. H. MIZNER." Without doubt this is technically a guaranty, and unless there is in the case something which we have failed to discover, by which its legal meaning is altered, it must be so treated. In Isett *v.* Hoge, 2 Watts 128, an undertaking of a like character was held to be a guaranty. The similarity of this case with the one in hand will be apparent when the two agreements are compared ; the one is : " I do hereby guarantee the payment of the above note to said Henry Isett;" the other : " I guarantee the payment of the within note, for value received." Thus, though there is, between these two contracts, a slight verbal difference, their legal effect and meaning are precisely the same. To attempt to distinguish these two cases would be idle, and unless we overrule Isett *v.* Hoge it must govern. But, as we would, in its overruling, be supported neither by authority nor reason, we must permit it to stand, and under its authority hold that Mizner's undertaking was an agreement to pay only in case of the insolvency of the makers, or after due diligence had been used to collect the notes from them.

Nor do we discover anything in the authorities, cited for the

[Mizner v. Spier.]

plaintiff, which in any degree impugns the doctrine of Isett v. Hoge. In Amsbaugh v. Gearhart, 1 Jones 482, the agreement was: " I will see the within paid ;" there is in this nothing more or less than an unconditional promise to pay the obligation when due, if, for any reason, the payor is in default. It is a contract of suretyship and not of guaranty. So, in Campbell v. Baker, 10 Wright 243, though the word guaranty was used, yet as the guaranty was to pay " *when due*," the undertaking, obviously, had reference to the liquidation of the note at the time specified and not to the solvency of the maker. A like case is Roberts v. Riddle, 29 P. F. Smith 468, where the guaranty was to pay the bond "*according to its terms*," and as one of its terms, of course, was its payment when due, the undertaking was, in effect, not different from that in Campbell v. Baker. Some stress seems to be laid on the fact that the guaranty, in the case in hand, was made at the time of the execution of the note; this, however, affects not the character of contract, but only the consideration by which it is supported. As was said in Snevily v. Johnston, 1 W. & S. 309, where the guaranty is made at the same time with the principal contract, it becomes an essential ground of the credit given to the debtor, and supports both the promise of the debtor and of the guarantor. On this point this case is authority, but not so when used to support the main proposition of the plaintiff. The words of the contract expressed a warranty, and by all parties the case was treated as one of warranty ; the insolvency of the maker was proved by the plaintiff as a pre-requisite to his recovery, and the only question was that of consideration, which was settled as above stated.

The disposition of this point leaves nothing further for us to say except that the defendants' fourth and fifth points should have been affirmed without qualification. If it was true that the principal debtors, or any of them, residing within the county of Mercer, or, for that matter, within the state of Pennsylvania, were solvent when the notes fell due, it was the duty of the plaintiff to have used proper diligence in the collection of those claims, and failing in this the guarantor was discharged. Mizner's assent to the stay of the executions of 1874, was of no force if at that time Montgomery was insolvent, for, in such case, the attempt to make the money on them would be fruitless, and, if he was already released from his undertaking, there would be in this no such new consideration as would serve to rebind him. But if, at that time Montgomery was solvent, able to pay the notes in whole or in part, the stay, if given at Mizner's instance, would be consideration enough to rebind him to his original contract, or, what comes to the same thing, to estop him from setting up the previous negligence of the plaintiff by way of release.

The judgment is reversed and a new venire ordered.