# Zahm *versus* First National Bank of Lancaster.

1. A. gave B. a promissory note, which was indorsed by C. and D. Subsequent to the indorsement, and on the day of the maturity of the note, E. wrote and signed on the back thereof: "I hereby guarantee the payment of the within note without protest:" *Held,* That the contract of E. was that of a technical guarantor, and that the words "without protest" simply qualified the contract so as to exclude the specific defense on the part of E. that by not protesting the note the indorsers were released.

2. In such case, evidence is admissible to show that one or more of the indorsers remained liable on the note notwithstanding the waiver of protest by the guarantor, in which event such indorser or indorsers should have been first exhausted before recourse was had to the guarantor.

[Zahm *v.* First Nat. Bank of Lancaster.]

3. Where, therefore, in an action by F., the holder of the note, who had discounted it for D.'s benefit, against E., an offer of evidence was made to prove that after the note had been thus discounted and before E. guaranteed it as aforesaid, D. gave F. a written direction that if said note was not renewed for ninety days, to '' charge· said note to me (D.) and credit new note to my account and I promise to indorse it;'' that on the day of the maturity of the note, when E. guaranteed it, and subsequently, D. had sufficient money on deposit with.F. to pay the note; and further, that subsequent to the day of its maturity, D. gave F. another paper, reading: '' I guarantee the payment of all notes drawn by A. and indorsed by me (D.) held by F., whether matured or to mature;'' further, that F. had made no effort to collect the money from D. before resorting to E. :

*Held,* that the exclusion of such offer and an instruction by the court to find for the plaintiff, constituted error.

4. Where, in such case, the narr. averred that '' in consequence of said guarantee (that of E.) said note was not protested and the indorsers were released from the payment of the note:''

*Held,* that it was incumbent upon the plaintiff to prove such averment and its failure to do so was sufficient cause for a compulsory non-suit.

May 14th 1883. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent. MERCUR, C. J., did not sit.

ERROR to the Court of Common Pleas of *Lancaster county :* Of July Term 1883, No. 53.

Assumpsit, by the First National Bank of Lancaster, against Michael Zahm, on a promissory note, which read as follows:

'' $1,350. Lancaster, Pa., May 9th 1877.

Sixty days after date we promise to pay to the order of Samuel Groff, at the First National Bank of Lancaster, thirteen hundred and fifty dollars, without defalcation. Value received.

'· SAMUEL GROFF. DILLER & GROFF.''

[Indorsed :] '' SAMUEL GROFF, H. D. GROFF. D. G. SWARTZ.''

'' I hereby guarantee payment of the within note, without protest : MICHAEL ZAHM.''

The narr., besides the common counts, contained a special count on the note in question, and averred that '' in consequence of said guarantee said note was not protested and the aforesaid indorsers relieved from the payment of the same.'' Pleas, payment, payment with leave, etc.

On the trial, before PATTERSON, J., the plaintiff offered in evidence the above note, and evidence of the·assignment of its makers for the benefit of creditors, and rested. The defendant then moved for a compulsory non-suit on the ground that it had not been proved that there was any protest of the note, or that the indorsers were discharged or insolvent. Refused.

The defendant then made the following offer of proof: that on or before July 11th 1877, and before Michael Zahm guaranteed the note, David G. Swartz, the indorser of the note

[Zahm *v.* First Nat. Bank of Lancaster.]

in suit, gave to the First National Bank of Lancaster a written direction as follows, to wit : " First National Bank. H. D. Groff's note, $1,350, due July 11th 1877, if not renewed 90 days, dated July 11th for $1,250, indorsed by S. Groff, charge old note to me and credit new note to my account, and I promise to indorse it. D. G. Swartz." That the note guaranteed by Mitchel Zahm was the only note for thirteen hundred and fifty, due July 11th 1877, was the only note held by the First National Bank for that sum, on which the names of H. D. Groff, S. Groff and D. G. Swartz appeared, and that it is the identical note guaranteed by Michael Zahm, and now in controversy ; that D. G. Swartz had, on July 11th 1877, and afterwards, balance enough to his credit in the First National Bank of Lancaster, in which he was a regular depositor, to pay this note ; that the note had been discounted by the bank for his benefit, and that the proceeds had gone to his, David G. Swartz's, credit. And, further, that on the 25th of July 1877, David G. Swartz gave to said bank a further paper as follows, to wit : " I hereby guarantee the payment of all notes drawn by Diller & Groff, and indorsed by me, held by the First National Bank of Lancaster, Pennsylvania, whether matured or to mature. July 25th 1877. D. G. Swartz." And further, that the bank has never made the slightest effort to collect this paper from D. G. Swartz. Further, that this note was guaranteed on the day it became due, July 11th 1877, by Mr. Zahm.

Objected to ; objection sustained, and evidence excluded as inadmissible under the pleas ; exception. (Second assignment of error.)

The defendant then asked permission to file a special plea, substantially embodying the state of facts alleged in his offer, and upon its allowance by the court and the filing of such plea, renewed his offer of testimony as above. Objected to ; objection sustained ; exception. (Third assignment of error.)

The court instructed the jury to find a verdict for the plaintiff. Verdict accordingly for $1,585.46 and judgment thereon. The defendant thereupon took this writ of error, assigning as error the exclusion of his offers of testimony and the instruction to find for the plaintiff.

*Nauman* and *Baker*, for the plaintiff in error.—The contract of Zahm was one of pure guarantee. The bank should therefore have exhausted all prior parties to the paper, before resorting to him. While Swartz's co-indorsers may have been released by the failure to protest the note and Zahm's guarantee of said note " without protest," yet Swartz, in view of his written direction to the bank to " charge the note to him," and his " guarantee" of it, certainly was not so discharged, and until

[Zahm v. First Nat. Bank of Lancaster.]

he was pushed to insolvency, no recourse could be had to Zahm: Isett *v.* Hoge, 2 Watts 128; Bank *v.* Eyer, 8 P. F. S. 97; Mizner *v.* Spier, 15 Norris 538. The narr. averred a failure to protest by reason of Zahm's guarantee. No evidence was offered to sustain this material allegation. In the absence of such testimony, our motion for a non-suit should have been granted.

*A. Herr Smith,* for the defendant in error.—The meaning of the request or direction of Mr. Swartz to the bank is not very intelligible. He speaks of an old note and a new note. Evidently he contemplated a reduction of $100 and a renewal for $1,250. This would make a new note necessary, which he would indorse, as he was indorser on the old note. But his anticipations were not realized. No reduction was made, and no new note given. Hence the request or "direction" was not carried into effect. But the request or "direction" of Mr. Swartz did not change his status as indorser toward the bank. Least of all, could his request or "direction," not granted or executed and not known to Mr. Zahm, affect the latter favorably or otherwise. Without any knowledge of such request or "direction"—for it is not pretended that Mr. Zahm knew it— he guarantees the note in question without protest. This is his contract with the bank. On the good faith of that contract the note was not protested, and, as a legal consequence, the indorsers were discharged.

Nor does the second paper, dated July 25th 1877, relieve Mr. Zahm from legal liability. Mr. Zahm is no party to this paper. It was executed after the guaranty on the note, and could not affect that act. It cannot be pretended that the bank could not get, after Mr. Zahm's guaranty, even without his consent, additional security on the note, if deemed necessary to insure its safety.

Independent of these facts, Mr. Zahm's guarantee was not general but special. He guaranteed the note "without protest." This discharged the indorsers, and the bank, having exhausted the makers, beyond whom it could not go, has exhausted all the parties that are primarily liable. It therefore properly has recourse to the guarantor: Campbell *v.* Baker, 10 Wr. 245; Roberts *v.* Riddle, 29 P. F. S. 468; Mizner *v.* Speir, 15 Norris 533.

Mr. Justice STERRETT delivered the opinion of the court October 1st 1883.

In addition to the common counts, in support of which no testimony was adduced, the declaration contains a special count on the written undertaking of the plaintiff in error, indorsed on

[Zahm *v.* First Nat. Bank of Lancaster.]

a note made by Diller & Groff for $1,350, at sixty days from May 9th 1877, to the order of Samuel Groff, indorsed by him and by D. G. Swartz. That undertaking is in these words: "I hereby guarantee the payment of the within note without protest."

The liability of plaintiff in error, if he is liable at all, is as guarantor and not as surety for the makers or indorsers of the note. If he had undertaken "to see the note paid," as in Amsbaugh *v.* Gearhart, 1 Jones 482; or had guaranteed its payment "when due," as in Campbell *v.* Baker, 10 Wright 243, or "according to its terms," as in Roberts *v.* Riddle, 29 P. F. Smith 468, it would have been a contract of suretyship and not of guaranty: Mizner *v.* Spier, 15 Norris. 533, and cases there cited. In that case the undertaking which alone gave commercial value to the notes on which it was indorsed, was in these words: "I hereby guarantee the payment of this note for value received." It was held that the contract being one of pure guaranty, the principals must be exhausted before resort could be had to Mizner the guarantor. Under the most liberal construction of which they are susceptible, the words "without protest," can have no other effect than to so qualify the contract as to exclude the specific defence that by not protesting the note the indorsers are released. If either of them continued liable to the bank, notwithstanding the note was not protested, he must still be considered a principal, and plaintiff in error has a right to insist that such principal or principals shall be first exhausted before recourse is had to him on his technical guaranty. Assuming that the words, "without protest," are to be understood in the sense claimed by defendant in error, the bank was not required to forbear making demand of the makers of the note. It might or might not do so at its pleasure, but if either of the indorsers waived protest, or by any other act remained liable for the note, the guarantor is entitled to the benefit thereof; in other words, if the money can be made off either of the other parties to the note, the bank is bound to do so before resorting to the plaintiff in error, whose only relation to the note is, as we have seen, that of technical guarantor.

After reciting the note and indorsements thereon, according to their tenor and effect, the declaration avers that "the said defendant guaranteed the payment of said note without protest, and in consequence of said guaranty said note was not protested and the aforesaid indorsers released from the payment of the same." It is conceded that the guaranty was not given until long after the note was made, indorsed and discounted. No consideration for the guaranty is expressed on the face thereof, and the only suggestion of any consideration is that implied rather than expressed in that clause of the declaration above

[Hartman *v.* First Nat. Bank of Lancaster.]

quoted. The signing of the guaranty was admitted, but under the pleadings it was incumbent on the bank to prove the averment that in consequence of the guaranty the note was not protested, &c. No such evidence was introduced by the plaintiff, and for that reason, if no other, the judgment cannot be sustained. As the case stood upon the pleadings and evidence, the court would have been justified in entering a compulsory nonsuit as requested. The fourth and fifth specifications of error are sustained.

Aside from this, we think there was also error in excluding the testimony offered by plaintiff in error. He proposed to prove, inter alia, that, on the last day of grace and before he signed the guaranty declared on, Swartz, the second indorser, for whom the note was discounted, directed the bank, in case the note was not renewed for ninety days, to charge the old note to him and credit the new note to his account, promising at the same time to indorse the latter note; also, that Swartz had then to his credit in the bank more than sufficient to cover the note. This testimony, in connection with the further offer to prove that he subsequently gave the bank a written guaranty embracing all the notes on which he was indorser then due or to become due, would have tended to prove clearly, if not conclusively, that in the absence of formal protest Swartz continued liable to the bank as a party to the note. The facts which defendant below offered to prove would have been proper for the consideration of the jury on the question whether the indorsers were in point of fact released.

The last assignment of error is not sustained. It may be remarked, however, that if defendant on re-trial wishes to amend his special plea, so as to conform more fully to the facts he should be permitted to do so.

> Judgment reversed and a venire facias de novo awarded.

