# Butler Savings & Trust Company, Appellant, *v.* Phillips.

*Guarantee—Mortgage—Condition precedent of recovery—Laches.*
In an action on the guarantee of a mortgage it is essential that the plaintiff show that he took the proper means to hold the guarantor.   Where there was no proof that anything was done from the time the paper was given in August, 1911, to December, 1919, or that any notice was given to the guarantor or any claim of any kind made upon him, the plaintiff must be considered to have been guilty of laches, and cannot recover.

*Principal and surety—Surety—Guarantee—Contract.*
The precise character of an obligation in a given instance is often difficult to determine, and the numerous decisions in which

the technical distinction between guaranty and suretyship is discussed establish the general principle that where the contract defines the time when the promisor is to assume liability for the debt his obligation is that of suretyship; but where there is no time fixed the obligation is general and merely that of guaranty.

A contract guaranteeing the payment of the purchase-money bond and mortgage does not necessarily become a contract of surety merely because the date of the mortgage and the expiration thereof is recited in the preamble of the contract.

Argued May 3, 1922.   Appeal, No. 169, April T., 1922, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1922, No. 2315, refusing an appeal from the County Court in the case of Butler Savings & Trust Company v. Henry A. Phillips.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for appeal from judgment of county court. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.   Plaintiff appealed.

*Error assigned,* among others, was the judgment of the court.

*John H. Scott,* and with him *Brandon & Brandon,* for appellant.

*N. H. Hunter,* and with him *William M. Hall,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

The contract under which the plaintiff seeks to hold the defendant reads as follows: "Whereas the Brighton Land Company of the City of Pittsburgh, Pennsylvania, by its deed dated August 1, 1911, has granted and conveyed to Frederick Mertins of the City of Washington,

D. C., a certain tract of land containing 11.23 acres situate in the Twenty-seventh Ward of the said City of Pittsburgh, Pennsylvania, and in part payment therefor has taken a purchase money bond and mortgage to secure the sum of Ten Thousand ($10,000) Dollars, dated August 1st, 1911, and payable in three years, which bond and mortgage is being assigned to the Butler Savings & Trust Company of Butler, Pennsylvania, now therefore,

"We, the undersigned, stockholders and creditors of the said Brighton Land Company, whose loans......are being repaid out of the proceeds of the above recited purchase money bond and mortgage, for value received, for ourselves, our executors, administrators or assigns, do hereby guarantee the payment of said purchase money bond and mortgage to the said Butler Savings & Trust Company, or assigns, in the amounts set opposite our names respectively, or any proportional payment on account of this guarantee to be prorated among the guarantors hereto.

"Witness our hands and seals this 29th day of August, 1911." (There follow signatures one of them being the defendant's.)

The case was tried in the county court without jury. The trial judge entered judgment for the defendant for the reason that the above contract was one of guarantee and that the plaintiff was guilty of laches in not presenting his claim against the original debtor. We think both conclusions are justified. As was said by Justice FRAZER in Homewood Peoples Bank v. Hastings, 263 Pa. 260: "The precise character of an obligation in a given instance it is often difficult to determine and the numerous decisions in which the technical distinction between guaranty and suretyship is discussed establish the general principle that where the contract defines the time when the promisor is to assume liability for the debt his obligation is that of suretyship; but where there is no time fixed the obligation is general and merely that of

guaranty." A number of cases are cited in the above case and it would be useless for us to go into an extended discussion of the question as we could add nothing of value to the subject. Having in view the distinction that the time when the promisor is to assume liability makes the contract one of surety we think that in the present case the elements of suretyship are absent. The appellant urges that as the date of the bond and mortgage, its duration and the amount thereof is mentioned in the first paragraph, we must read these references into the second paragraph and thus the agreement provided on the part of the guarantors for the payment of the mortgage when the same fell due. It must be, however, remembered that the paper which the defendant signed is separate and distinct from the bond and mortgage and made at a later date, that the first paragraph is merely a description of the transaction between the principal parties, a mere identification of the paper and not a part of the guarantee. The obligation of the defendant is that he "guarantee the payment of said purchase money bond and mortgage" and standing alone as it does and having no other added words carries with it only the duty to pay in case of the failure of the mortgagor to pay. There is no time fixed when the liability for the debt is to accrue. The terms of the contract are clear and if the parties had intended to make the contract one of suretyship, they should have expressed that intention. It is going too far to hold that merely because there is a description of the mortgage in the first clause, it should modify or affect the meaning of the words in the second clause, and change what upon the face of it is a contract of guaranty into one of suretyship.

The appellant further urges even in the event of this being a contract of guarantee, the plaintiff having pursued Martens to insolvency, the defendant is liable. However, upon the record as produced, there seems to have been a failure to use due diligence. The testimony

on this branch of the case is very meagre. It is incumbent upon the plaintiff to show that he took the proper means to hold the guarantor. He has failed to do so. There is no proof that anything was done from the time the paper was given in August, 1911, to December 29, 1919, or that any notice was given to the guarantor, or any claim of any kind made upon him. To prove that Mertens, the principal, went into bankruptcy in 1913 three years after the bond came due is not sufficient proof of due diligence. The mortgage was not foreclosed until 1920, nine years after the signing of this paper. We conclude that the action of the court of common pleas in refusing to allow an appeal to the county court was correct and the order of the court of common pleas refusing the application for leave to appeal is affirmed.