## COCHRAN v. DAWSON.

July 2, 1836.

*Rule to show cause why a new trial should not be granted.*

In the case of general guarantee, where the contract is indefinite as to the time and manner of default in the principal, the creditor, in order to recover on such contract, is in general bound to show the default and the insolvency of the principal, or that coercive measures have been used against him without effect.

But where the contract defines the time of default when the surety is to pay, or to see the debt paid, the creditor, when that period arrives, has his right of action on the contract, without pursuing the principal or showing his insolvency.

Thus, where the defendant gave an order on A, in favour of B, for lumber, which specified, " I will see you paid between this and the closing of the year," the defendant at the expiration of the year is liable, although the plaintiff has not pursued B, nor shown his insolvency, nor pursued his lien against the buildings for which the lumber was furnished.

In such case B is a competent witness for the plaintiff to prove the delivery of the lumber in pursuance of the order.

THIS was an action on the case tried before JONES, J., to recover the price of a quantity of lumber delivered by the plaintiff to William P. Jones, upon an order in the following words :

"*August* 13, 1834.

"Mr A. Cochran,—Please to let the bearer, Mr William P. Jones, have lumber for the completion of the houses belonging to the Mr Armstrongs, and I will see you paid between this and the close of the year. Yours,                    S. H. DAWSON."

On the trial, the signature of the defendant to this order was admitted. William P. Jones was then called to prove the delivery of lumber in pursuance of this order, to the value of 159 dollars 53 cents. It was objected that he was incompetent on the ground of interest ; but the objection was overruled. The defendant, among other matters, gave in evidence two records of this claim, filed the 17th of March 1835, against two buildings ; one owned by Alexander Armstrong and the other by William Armstrong.

The defendant requested the court to charge the jury upon several points, of which the following is the substance, viz. " that the order of the defendant is a *conditional* undertaking, and that he is not liable upon it until the plaintiff has pursued the original debtor ; that

[Cochran v. Dawson.]

the plaintiff must aver and prove a consideration for the order ; that Jones was the original debtor, as the credit was given to him ; and that the plaintiff ought to have used due diligence in pursuing him. That before the plaintiff can recover he must have pursued his lien against the buildings of the Messrs Armstrong."

The jury were instructed however, " that the only condition in the order was the delivery of the lumber ; that upon the delivery, the undertaking became absolute according to its terms, viz., an undertaking to see the plaintiff paid for it before the close of the year ; that the delivery of the lumber was consideration enough ; that the plaintiff was under no obligation to pursue Jones in the first instance, whether he was the original debtor or not, nor need he pursue his lien upon the buildings before he could resort to the defendant upon his contract to see the plaintiff paid before the close of the year 1834 ; that the order being admitted, if the jury found that the lumber mentioned in the bill was delivered, and has not been paid for (and there was no evidence of payment), the plaintiff was entitled to their verdict."

The jury found for the plaintiff, and assessed the damages at 172 dollars 55 cents.

The plaintiff moved for and obtained a rule to show cause why a new trial should not be granted, and assigned for reasons the error of the judge who tried the cause, in charging the jury as aforesaid ; and also that *Jones* was not a competent witness for the plaintiff to prove the delivery of the lumber, on the ground of interest.

*I. Norris*, in support of the rule, cited : 1 *Lord Raym.* 224 ; 2 *T. Rep.* 80 ; 1 *Cowp.* 227 ; *Fell on Guarantees* 25, 26, 31 ; 1 *H. Bl. Rep.* 120 ; 1 *Bos. & Pul.* 158 ; 5 *Binn.* 195 ; 2 *Camp. Rep.* 215 ; 1 *Watts* 280 ; 14 *Eng. Com. Law Rep.* 238 ; 1 *Wilson's Rep.* 305 ; 2 *B. & A.* 613 ; 5 *Com. Law* 381 ; *Theob.* 28, by *Hammond* ; 16 *Eng. Com. Law Rep.* 90 ; 8 *Johns.* 29 ; 2 *Hen. & Munf.* 603 ; 12 *Serg. & Rawle* 103.

*W. Fisher, contra,* cited : 4 *Dall.* 135 ; 8 *Serg. & Rawle* 110 ; 15 *Serg. & Rawle* 30 ; 1 *Watts* 143, 280.

The opinion of the Court was delivered by

JONES, J.—The contract of guarantee is a secondary liability. It is a promise to be answerable for a debt or duty in case of the failure or default of another person, who is liable in the first instance.

[Cochran v. Dawson.]

Johnson *v.* Chapman, 3 *Penns. Rep.* 19 ; 3 *Kent's Comm.* 85. When the contract is indefinite as to the time or manner of the default, the creditor or person to whom the duty is due, is bound to show the failure or default upon which the contract of guarantee is suspended ; and to show this, he is in general obliged to show the insolvency of the principal debtor, or that coercive means have been used against him without effect.

But there is no doubt that the contract of guarantee may be so modified as to dispense with active duties on the part of the person entitled to the benefit of it.

In this case however the doubt is, whether the defendant was not the original debtor, and liable under a count for goods sold and delivered to him at his special instance and request. But adopting the defendant's view of the nature of his liability, he guarantied that Jones should pay the plaintiff for the lumber before the close of the year, and in case of his default, that he would see it paid ; that is, pay it at the expiration of that period.

The effect and even the literal purport of the agreement was to exonerate the plaintiff from the duty of pursuing Jones. It imposed upon the defendant the duty of preventing a default in Jones after the close of the year. As he did not do so, he was himself in default; his agreement was broken ; and upon the breach he became liable as a principal debtor, as really so as if he had joined with Jones in the execution of a joint and several bond. It is a universal rule that the breach of a contract gives an immediate right of action. In the case of general guarantee, the contract, generally speaking, is not broken until the creditor has used means to compel payment by the principal debtor without effect. But it seems impossible to read the contract of this defendant without seeing that it was broken on the 1st of January 1835. The defendant undertook that the plaintiff should be paid before a given day, and the payment was not made before that day or afterwards. If that do not constitute a breach of contract, it must be because the undertaking itself was not a contract, or the violation of its terms was not a breach.

As to the point of evidence, Jones was called by the plaintiff to prove the delivery of the lumber to him, in pursuance of the order. If we suppose Jones to be the principal debtor, he would be liable to the defendant in the event of a recovery and satisfaction from him. He could therefore gain nothing in that event. The creditor only would be changed. If the defendant was the principal debtor, Jones was liable to neither : but if the defendant was only liable as surety

[Cochran v. Dawson.]

for Jones, and Jones had been called by him to defeat the action, the plaintiff might have objected to his competency; but he was introduced by the plaintiff to charge the defendant.

There is therefore no foundation for a new trial in this case.
Rule discharged.