## Sherman *versus* Roberts.

Grant
1 G   261
26 SC ¹183

1. An instrument in the following words, viz: " I hereby guarantee, that the within named C. T. R., will fulfil the within contract as agreed, and in case of his neglect or refusal so to do, I agree to pay all damages sustained in consequence thereof," is in the nature of a contract of surety, and is not a guarantee.

2. The fact that a contract is signed on Sunday, does not avoid it, unless it be delivered on Sunday.

3. Where, under the original contract, a sum of money had been paid in advance upon its execution: *Held,* to be no defence *pro tanto* to an action against the surety to recover damages for its breach, that the contract of the latter was signed some days after the execution of the original.

4. In an action by the vendee to recover damages for the non-performance of a contract for the sale and delivery of goods at the market price, at the time of delivery, upon which he had made payments in advance, he cannot recover the profits which he might have made on the goods not delivered.

ERROR to the Court of Common Pleas of *Tioga county.*

ASSUMPSIT.—Roberts, plaintiff below, and defendant in error, entered into a contract with one Robinson, by which the latter agreed to sell and deliver to him one hundred thousand feet of lumber, upon the terms set forth. Upon a Sunday in March, 1851, defendant Sherman signed the instrument upon which this action was brought; and which was endorsed on the back of the original contract as follows :

" I hereby guarantee, that the within named Charles T. Robinson, will fulfil the within contract as agreed, and in case of his neglect or refusal so to do, I agree to pay all damages sustained in consequence thereof,        JEFFERSON SHERMAN.

" *Rutland, March,* 1851."

This instrument was not delivered to Roberts, however, till some three or four days after it was signed. Robinson failed to deliver the lumber according to contract. No proceedings were instituted against him to recover the damages sustained thereby ; but Roberts brought this action against Sherman, upon the above instrument, to recover the damages sustained by Robinson's nonfulfilment of his contract. There was no allegation or proof that Robinson was insolvent.

The court, WHITE, P., charged the jury that the execution of the instrument on Sunday did not avoid it, unless it was delivered to Roberts on Sunday, or he had a knowledge of the fact of its execution on Sunday, of which there was no proof. That the instrument itself was a special undertaking in the nature of a contract of surety, and not subject to the rules of law which govern contracts of guaranty in the technical sense. That it was not necessary, in order to entitle plaintiff to recover, that he should prove that he had brought suit against Robinson, and used due diligence to compel the performance by him, or that he was unable

[Commonwealth *v.* Jackson et al.]

to compel performance, or collect the damages by reason of Robinson's insolvency. That the sense in which the party used the term "guarantee," was obviously its popular and not its technical sense, as was shown by the phraseology of the whole writing. That in addition to the money advanced by plaintiff upon the contract and interest, he was entitled to whatever damages he had sustained by reason of the non-performance of the contract by Robinson, which according to the evidence was fifty cents per thousand on the lumber not delivered. That the fact that $200 had been advanced by plaintiff on the contract prior to the execution of the instrument by Sherman, constituted no defence *pro tanto.*

The jury found a verdict for the plaintiff for $711.17; whereupon the defendant took this writ of error, and assigned the charge of the court for error.

*Wilson* and *Ryan,* for plaintiff in error.

*Sherwood,* for defendant in error.

The opinion.

Per Curiam.—We have no doubt about the entire correctness of the manner in which the case was tried, except in this: that the learned judge instructed the jury to allow the plaintiff below, the profits, fifty cents per M., which it appeared he might have made on the lumber, if the defendant had fulfilled his contract. But as the plaintiff is willing to remit this part of the judgment, amounting, at most, to $50, we can correct it accordingly, without the necessity of a new trial.

Feb. 28, 1856. The judgment for $711.17 is corrected, and it is now considered and adjudged that the plaintiff recover of the defendant the sum of $661.17, with costs, and also with interest from the date of the original judgment, and the record is remitted that the judgment may be carried into execution.