## Reigart *versus* White.

1. Emory having contracted for goods to be paid for in nails, Reigart wrote to the seller, "If you have not shipped the goods, ship immediately, and I will be responsible for the delivery of the nails by Emory." *Held*, to be an agreement to be responsible for the delivery of the nails, not for Emory's ability to deliver.

2. Guaranty is an engagement to pay on a debtor's insolvency, if due diligence be used to obtain payment.

3. In suretyship, the surety assumes to perform the contract of the principal if he should not; in guaranty, the guarantor undertakes that the principal is *able* to perform it.

4. If the act which the surety undertakes shall be done, be not done, he is liable at once; but the guarantor is liable only when insolvency is shown.

5. Gilbert *v.* Henck, 6 Casey 205, commented on.

ERROR to the Court of Common Pleas of *Lancaster county.*

This was an action of *assumpsit,* commenced October 5th 1863, by Daniel S. White and John A. Swope, trading as White & Swope, against Elizabeth J. Reigart.

The declaration averred that one Emory desired to purchase goods of the plaintiffs, "to be paid for in nails," and the plaintiffs were willing to sell the goods if the defendant would "undertake to be responsible for the delivery of the nails," and that the defendant, "in consideration that the plaintiffs would at her special instance and request sell and deliver the said goods, &c., to the said Emory, undertook and promised the plaintiffs to be responsible to them for the delivery of the nails accordingly by the said Emory," at the expiration of the term of credit; averring further the sale and delivery of the goods, that the term of credit had elapsed, and Emory had not delivered the nails, &c.  There was also a count for goods "bargained and sold to defendant, and by virtue of the sale delivered" to Emory at her request.

[Reigart v. White.]

On the trial, before Long, P. J., the plaintiffs proved that about September 1860, Emory was endeavouring to buy goods in Baltimore, and selected some goods of the plaintiffs to be paid for in nails, but that they were not willing to deliver the goods until Emory gave them satisfactory security, and the goods were held by them for that purpose. The defendant afterwards wrote the following letter to another firm in Baltimore, with whom Emory had been dealing:—

"Duncanville, Blair county, September 20th 1860.

"Messrs. Reynolds & Stevenson:—You will please ship immediately to T. S. Emory the bill of goods purchased from you, and referred to in your letter of the 18th to him. I will be personally responsible to you for the delivery of the nails as agreed by him.

"Will you, in addition, please say to Messrs. George Howard & Co., and Messrs. White, Swope & Co., from each of whom he has purchased a bill—in case they have not shipped them—to ship immediately, and I will be responsible for the delivery of the nails as agreed by Mr. Emory.

"Yours, respectfully,        "E. J. REIGART."

This letter was shown to the plaintiffs, and the goods were delivered to Emory, but there was no evidence that the plaintiffs gave Mrs. Reigart notice that they had accepted her undertaking. Three of the defendant's points were:—

1. The paper of defendant given in evidence was not a proposal to purchase on her own account, but an offer to guaranty the purchase by Emory.

2. As an offer to guaranty, it required notice of acceptance to make it binding, and as this has not been proven, the plaintiffs cannot recover.

3. To recover on a guaranty, it must be shown that the original debtor has been pursued to insolvency, or is insolvent; and this not having been sufficiently done in the present case, the verdict must be for defendant.

The court affirmed the 1st point and denied the others.

The court reserved these questions:—

1. Whether notice to the defendant of acceptance of the obligation was necessary?

2. Whether it must be shown that the debtor had been pursued to insolvency or is insolvent?

The jury found for the plaintiffs $966.40, for which the court afterward entered judgment on the reserved points.

The answers to the defendant's 2d and 3d points, and entering judgment on the reserved points, were assigned for error.

*J. E. Heister*, for plaintiff in error, cited Gilbert v. Henck, 6

[Reigart *v.* White.]

Casey 205; Kellog *v.* Stockton, 5 Id. 460; Unangst *v.* Hibler, 2 Id. 150; Kay *v.* Allen, 9 Barr 320; McQuewans *v.* Hamlin, 6 Casey 215; Brown *v.* Brooks, 1 Id. 211.

*T. E. Franklin*, for defendants in error, cited Pittman on Principal and Surety 29 (40 Law Lib. 39); Stadt *v.* Lill, 1 Campb. 242; s. c., 9 East 348; Whitney *v.* Groot, 24 Wend. 81; Smith *v.* Dana, 6 Hill 343; Powers *v.* Bunscratz, 12 Ohio N. S. 273; Pougi *v.* Parker, 8 Gray 211; Bank of United States *v.* Daniel, 12 Peters 54; Bell *v.* Bruen, 1 How. 169–182; Grant *v.* Risdale, 2 Harr. & Johns. 186; Sloan *v.* Wilson, 4 Id. 322; Caton *v.* Shaw, 2 Harr. & Gill 13; Ferris *v.* Walsh, 5 Harr. & Johns. 306; Story on Agency, §§ 58, 59, 60, 134, 135, 140; Meade *v.* McDowell, 5 Binn. 195; Marberger *v.* Potts, 4 Harris 9; Amsbaugh *v.* Gearhart, 1 Jones 482; Campbell *v.* Baker, 10 Wright 243; Sherman *v.* Roberts, 1 Grant 261; Gilbert *v.* Henck, 6 Casey 205; Allen *v.* Hubert, 13 Wright 259.

The opinion of the court was delivered, June 1st 1866, by

AGNEW, J.—The letter of Mrs. Reigart of September 20th 1860 is a direct and special contract of security to White & Swope for the delivery of the nails by Emory, and not a general guaranty. It would be difficult to define the commercial contract of guaranty so clearly as to reconcile all the adjudged cases lying upon the confines between guaranty and suretyship.

But there is one element in the former to be found in all guaranties which seldom fails as a mark of distinction, and this is well expressed by Lewis, C. J., in Brown *v.* Brooks, 1 Casey 210, where he says a guaranty is an engagement to pay in default of solvency in the debtor, provided due diligence be used to obtain payment from him. This affords, perhaps, the best solution of the difference; a contract of suretyship being a direct liability to the creditor for the act to be performed by the debtor, and a guaranty being a liability only for his ability to perform this act. In the former the surety assumes to perform the contract of the principal debtor if he should not, and in the latter the guarantor undertakes that his principal can perform; that he is able to do so. From the nature of the former the undertaking is immediate and direct that the act shall be done, which if not done, makes the surety responsible at once, but from the nature of the latter, non-ability (in other words, insolvency) must be shown. How insolvency shall be shown it is unnecessary here to state, but it follows from what we have said of Mrs. Reigart's assumption that it was not necessary to be proved in this case, and therefore the error assigned upon the bill of exception on this point is unimportant. The manner of showing insolvency

[Reigart v. White.]

will be found discussed in many cases: Kirkpatrick v. White, 5 Casey 176; Gilbert v. Henck, 6 Casey 205.

The case last cited is relied on by the plaintiff in error to show that this is a case of general guaranty. Of Gilbert v. Henck it may be remarked that it stands on the very confines, if at all within the contract of guaranty as commercially and legally understood. It was an action for rent upon a covenant endorsed upon a lease and signed by the defendants, in which they agreed to be responsible for the true and faithful performance of the contract on part of the lessees. The opinion of the learned judge in that case refers to no authorities and gives no reasons, simply stating that the writing was a guaranty. The case of Sherman v. Roberts, 1 Grant 261, decided only three years before, is almost in direct antagonism; while in Allen v. Hubert, 13 Wright 259, Gilbert v. Henck is directly referred to as unnecessarily deciding the question of guaranty, and as leaving Marberger v. Potts, 4 Harris 9, unshaken. In Marberger v. Potts the language was:—" I hereby acknowledge to be security for the within amount of $500 until satisfactorily paid by William Audenried." In substantial meaning that case cannot be distinguished from the one now before us, excepting that ours is, perhaps, a stronger instance of direct and immediate liability, as I shall presently show. Justice Coulter there very clearly points out the distinction between an absolute contract of suretyship and the conditional liability of guaranty. In Allen v. Hubert the words were:—" For consideration received I hereby agree to become security for the faithful performance of the above agreement." In his opinion our brother Strong says this was an undertaking of suretyship rather than of technical strict guaranty. In Amsbaugh v. Gearhart, 1 Jones 482, it was held that the words endorsed on a note, " I will see the within paid," is not a guaranty, but a direct liability to pay. So in Campbell v. Baker, 10 Wright 243, the assignment of a note with " a guaranty of payment of the sum when due," it was held by the same judge, delivering the opinion in Gilbert v. Henck, not to be a general guaranty. He says the guaranty is special in such a case, and broken by non-payment at maturity.

Testing the present case by these principles and authorities, it has no shadow of guaranty cast upon it. Emory had endeavoured to effect purchases of goods in Baltimore, to be paid for in nails, on four months' credit. His merchants were unwilling to trust him without security, and declined delivering the goods. Mrs. Reigart then wrote her letter of September 20th 1860, addressed directly to the merchants themselves, in which she says, in case they have not shipped the goods, " to ship immediately, and she will be responsible to them for the delivery of the nails as agreed by Emory." Thus it will be noticed that security was the

[Reigart *v.* White.]

demand, and the goods remained undelivered; that Mrs. Reigart, writing from Blair county, Pennsylvania, requested an immediate delivery in Baltimore, which was, from the nature and locality of the act, to be done without further notice, and operated as an immediate acceptance by her own authority of her offer of security. Then by her contract she agreed to become responsible for the delivery of the nails at four months, not for the ability of Emory to deliver them. Upon the whole case the judgment must be affirmed.

Judgment affirmed.