# Hartman *versus* First National Bank of Lancaster.

1. A. gave B. a promissory note, which was indorsed by C. and D. Subsequent to the indorsement and on the day of its maturity, E. wrote and signed on the back of said note: "I hereby guarantee payment of the within note without protest." *Held*, that the contract of E. was that of a technical guarantor.

2. Said note was discounted by F., a banking company, for the benefit of D., who, before E. had guaranteed the note as above, had given to F.

[Hartman. *v.* First Nat. Bank of Lancaster.]

the following paper: "I hereby guarantee the payment of all notes drawn by A. and indorsed by me, now held by F., whether matured or to mature." In an action by F. against E., testimony was offered showing the above facts, and that at the time of the delivery of said paper and afterwards, D. had money on deposit with F. sufficient to pay the note, and that F. had made no effort to collect the amount of said note from D.:

*Held,* That the exclusion of said offer was error, that it should have been admitted to show that all the parties to the note and liable to pay the same, had not been pursued to insolvency before resorting to E., the guarantor.

3. Zahm *v.* Bank, ante, p. 576, followed.

May 14th 1883. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent. MERCUR, C. J., did not sit.

ERROR to the Court of Common Pleas of *Lancaster county :* Of July Term 1883, No. 54.

Assumpsit, by the First National Bank of Lancaster against George H. Hartman, upon the following promissory note :

"$1,100.                    Lancaster, Pa., May 23d 1877.

Sixty days after date we promise to pay to the order of Samuel Groff, at the First National Bank of Lancaster, Eleven hundred Dollars, without defalcation. Value received.

Credit the Drawer.

    SAMUEL GROFF.          DILLER & GROFF."

Indorsed : " SAMUEL GROFF, D. G. SWARTZ."

" I hereby guarantee payment of the within note, without protest. G. H. HARTMAN."

Pleas, non-assumpsit, payment, with leave, &c.

On the trial, before PATTERSON, J., the plaintiff, after putting in evidence the said note and assignment of Diller & Groff for the benefit of creditors, rested. The defendant then offered to prove, by the cashier of the First National Bank, as follows : "That the note guaranteed by George H. Hartman, and offered in evidence in this case, was discounted by the First National Bank of Lancaster for the benefit of D. G. Swartz, and that the proceeds went to his credit; that D. G. Swartz was at that time a director of the bank ; that on or before the 25th of July 1877, and before George H. Hartman guaranteed the note, D. G. Swartz delivered to the First National Bank of Lancaster the following paper, to wit : 'I hereby guarantee the payment of all notes drawn by Diller & Groff and indorsed by me, now held by the First National Bank of Lancaster, Pennsylvania, whether matured or to mature. D. G. Swartz. July 25th, 1877.' That, at that time and afterwards, D. G. Swartz, who was a regular depositor of the First National Bank of Lancaster, had money enough to his credit to pay this note ; that George H. Hartman made this guarantee on July 25th 1877,

[Hartman v. First Nat. Bank of Lancaster.]

the day the note became due, and that the First National Bank of Lancaster has never made the slightest effort to collect this note from David G. Swartz."

Objected to. Objection sustained and evidence excluded. Exception.

The court directed the jury to render a verdict for the plaintiff. Verdict accordingly for the plaintiff for $1,289.71, and judgment thereon. The defendant took this writ of error, assigning for error the action of the court in excluding the offer of testimony and in directing the jury to find for the plaintiff.

*Nauman* and *P. D. Baker*, for the plaintiff in error.— Hartman's contract was that of a guarantor: Isett v. Hoge, 2 Watts 128; Bank v. Eyer, 8 P. F. S. 97; Mizner v. Spier, 15 Norris 538. As such, he was not liable to pay, until the other parties to the note had been pushed to insolvency. Our offer of testimony tended to show that this had not been done, and its exclusion was therefore error.

*A. Herr Smith*, for the defendant in error.—The guaranty is not general, but special. Even if it were general, the bank has in this instance exhausted the makers, Diller & Groff, beyond whom it could not go, as the indorsers are, by the act of the guarantor, Mr. Hartman, discharged. Nor could Mr. Hartman, even as a general guarantor, compel the bank to follow up Mr. Swartz, who under his second paper, becomes a general guarantor. But Hartman's contract is clearly special. He guarantees the payment of the note "without protest." If he had omitted the words " without protest," the guaranty would have been general: Campbell v. Baker, 10 Wr. 245 ; Rober s v. Ridde, 29 P. F. S. 468; Mizner v. Spier,. 15 Norris 538.

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1883.

The undertaking specially declared on is clearly a technical guaranty, identical in form with that in Zahm against the same defendant in error, No. 53 of July Term 1883, in which an opinion has just been filed. What is there said in regard to the liability of the guarantor and the error of the court in directing a verdict for the plaintiff below, is applicable to this case.

The testimony offered and excluded by the court would have tended to prove that Swartz, the second indorser, continued liable to the bank notwithstanding the note may not have been formally protested. His guaranty, alleged to have been given to the bank before the maturity of the note, was virtually a waiver of protest so far as he was concerned. If

his contract relation to the bank was such that it could have compelled him to pay the note, it was bound to do so before resorting to the plaintiff in error, who was strictly a technical guarantor. The testimony referred to should have been received for the purpose of showing that all the parties to the note, and liable to pay the same, had not been pursued to insolvency before resorting to the guarantor, who in other respects was a mere stranger to the instrument.

Judgment reversed, and a venire facias de novo awarded.