[Filed March 31, 1887.]

## A. I. WEILER ET AL., RESPONDENTS, v. D. V. B. HENARIE, APPELLANT.

CONTRACT—GUARANTEE, CONSTRUCTION OF.—A contract reading, "I hereby guarantee the sum of $200 per month, payable in advance, for a period of twenty-five and two thirds months, aggregating $5,133, for rent, etc., *held*, (1) To be a guaranty on the part of the signer that the lessee of the premises should pay the sum of $200 monthly in advance. (2) The liability accrued upon the first of any month that the rent was not so paid in advance, and action could be maintained thereon. (3) That no demand of payment or notice to the principal is necessary. (4) The court will look at surrounding circumstances to ascertain the intention of the parties, and will not be controlled by the technical meaning of the word "guarantee." (5) That the contract was severable.

APPEAL from Multnomah County. Affirmed.

*Gearin & Gilbert*, for Appellant.

1. The contract is entire, not severable. It in effect provides that the respondents shall, at the end of the term, receive the full sum of $5,133, and that appellant will make up any deficiency, together with damages, if any.

2. The former recovery is a bar. (*Fish* v. *Foley*, 6 Hill, 56; *Atwood* v. *Norton*, 27 Barb. 647; *Colburn* v. *Woodworth*, 31 Barb. 384.)

3. Respondents must show diligence to recover the debt from the principal debtor. (*Woods* v. *Sherman*, 71 Pa. 101; *Shepherd* v. *Phears*, 35 Tex. 763; *Wheeler* v. *Lewis*, 11 Vt. 265; *Cady* v. *Shelton*, 38 Barb. 103; Brandt on Suretyship, § 84.)

*Williams, Ach & Wood*, for Respondents.

1.  The contract is a guarantee on a lease for the payment of the rent monthly.

2.  The guaranty follows the principal contract, and is to be interpreted by it. (*Smith* v. *Rogers*, 14 Ind 224; *Simmons* v. *Stell*, 36 N. H. 73.)

3.  A lessor has election of suing for each instalment of rent as it comes due, or at the expiration of the term suing for the whole. (*Binz* v. *Tyler*, 79 Ill. 253; *Sutherland* v. *Woodruff*, 26 Hun, 411.)

THAYER, J.—The respondents commenced an action in the court below against the appellant to recover the sum of four hundred dollars, alleged to be due upon a written guaranty, executed by him to the respondents. It is stated in the complaint in substance, that on March 1, 1886, the respondents leased certain premises in Portland to Edward Martin for twenty-five and two thirds months "at two hundred and fifty dollars per month, monthly in advance"; and the appellant, in consideration of the lease, and of one dollar, guaranteed the payment of two hundred dollars per month of said rent for the whole period, and that the rent for November and December, 1886, was due and unpaid, of which the appellant had due notice, and that demand had been made on him. The appellant, after having demurred to the complaint, and the demurrer had been overruled, interposed an answer denying that the alleged guaranty was given in consideration of the lease, or for any consideration except one dollar; and set out in the answer a copy of the guaranty in full. The appellant also alleged a former recovery in favor of the respondents against the appellant, in an action brought by the former against the latter, upon the same guaranty for the payments claimed to have matured September and October, 1886, and obtained a judgment for one hundred and fifty dollars, which he claimed as a bar. The appellant alleged in the matter of defense, claimed to be a bar, that the said court adjudged that he should pay but the one hundred and fifty dollars on said guaranty for said months, for the reason that said Martin had paid rent for the first six months of said lease, amounting to one thousand four hundred

and fifty dollars, and the court applied the excess over and above the two hundred dollars a month, amounting to two hundred and fifty dollars, upon the two months sued for in the former action, which judgment had been paid and accepted by the respondents. The guaranty set out in the answer is as follows:—

"SAN FRANCISCO, March 1, 1886.

"In consideration of one dollar, to me paid, receipt of which is hereby acknowledged, I hereby guarantee to Messrs. A. I. Weiler & Co., of Portland, Oregon, the sum of two hundred dollars per month, payable in advance, in U. S. gold coin, for a period of twenty-five and two thirds months from above date, aggregating five thousand one hundred and thirty-three dollars ($5,133), being for rent of premises known as No. 134 First Street, Portland, Oregon, for the term beginning March 1, 1886, and ending April 20, 1888.      D. V. B. HENARIE."

It was also alleged therein that by the terms of said lease to Martin, it was provided that on non-payment of rent for five days after due, the lease should be forfeited and the lessors might repossess themselves of the premises.

*The contract is severable.* The respondents demurred to the answer, which demurrer the court sustained and entered the judgment appealed from. The main question in the case is the legal obligation imposed upon the appellant by the written instrument above set out. The appellant's counsel claim, (1) That it is an entire agreement, and a judgment having been obtained thereon, is a bar to any further recovery upon it; and (2) that the appellant's obligation under the agreement is collateral, and does not arise until an attempt has been made to recover the rent from Martin.

*The contract.* The guaranty is severable for the payment to respondents of the sum of two hundred dollars per month, payable in advance, for a period of twenty-five and two thirds months for rent of premises. It is not shown upon the face of the guaranty for whom it was intended to answer, but it is evident from the terms of it, that it is an undertaking on behalf of the lessee of the premises referred to therein, and who is shown by the averment in

the complaint to be Edward Martin. The fact that said Martin leased the premises for the term specified in the guaranty indicates very strongly that it was an undertaking on his behalf. That and surrounding circumstances would materially aid in its construction. It is conceded by the answer that Martin was to pay for the the rent of the premises two hundred and fifty dollars per month, monthly in advance. It could not reasonably be claimed that Martin was not to pay any rent until the end of his term. The words "monthly in advance" preclude any such view; and how can the guaranty receive any different construction in that particular? The words "per month payable in advance" occur in that, and it seems to me should receive the same construction in that respect as the lease. Those words, "per month payable in advance," mean something certainly, and we must conclude either that the gross sum, $5,133, was intended by the instrument to be made payable in advance, or that $200 each month was to be paid in advance. In the former case the contract would be entire; in the latter, severable. It is very evident to my mind that Henarie could not have been compelled, as soon as he executed the guaranty, to pay the entire sum referred to, and it is equally clear that two hundred dollars thereof could have been enforced against him at said time, and a like sum at the beginning of each month thereafter during the term of the lease, in case Martin failed to pay the monthly rent to the extent of that sum. The conditions of the guaranty, and facts and circumstances surrounding the transaction as shown by the complaint, are decisive upon that point. The objects and purposes of the instrument are obvious. Martin leased from respondents the premises, was to pay them two hundred and fifty dollars monthly in advance, and the appellant agreed that it should be done to the extent of two hundred dollars a month in advance; whenever, therefore, Martin failed to pay any month's rent the appellant became liable to the extent mentioned. Each month, as the term advanced, created an obligation upon the part of Martin to pay two hundred and fifty dollars, and upon the part of Henarie to see that it was paid to the extent of two hundred dollars. The recovery, therefore, was no bar.

*When the obligation attaches.* Upon the second point as to when the appellant became liable there can be very little question. The terms of the guaranty must decide that, and if they mean anything, they mean that the respondents should be paid to the extent of two hundred dollars in advance each month; that was the appellant's promise. He agreed that the respondents should be paid that sum monthly in advance, and when they were not so paid his agreement was broken. It stands to reason that a guarantor's agreement, like that of any other party, must be construed in accordance with its terms. Where the terms are undefined, the law infers the intention of the parties; but where the terms provide that a certain thing shall be done at a specified time, and it is not done, there is no room for construction. The obligation is definite; a breach is created and liability attaches. Thus, if A guarantees the payment of B's promissory note, he undertakes that it shall be paid in accordance with its terms. And if it is not. so paid he becomes at once liable upon his guaranty for the payment of the amount of it. (*Brown* v. *Curtiss*, 2 N. Y. 225.) In Brandt on Suretyship and Guaranty, section 170, the rule is correctly stated as follows: "Where the contract of guaranty absolutely and unconditionally provides that the debtor shall pay a given sum at a stated time, no demand of payment on the principal or notice of its default is necessary before suing the guarantor." This rule, I am satisfied, is supported by reason and authority. The counsel for the appellant has cited *Woods* v. *Sherman*, 71 Pa. St. 100, as maintaining a contrary doctrine, but upon a close examination of that case it will be found that it does not. It is true that the guaranty there sued on was absolute in terms, at least I should so regard it, and that the trial court charged the jury "that the plaintiffs (the creditors) must show that they had used all reasonable diligence to compel payment by Davis and Woods" (the debtors). The counsel for the defendant (the guarantor) insisted that the Peffs must show that they used due diligence against the principal debtor, and that it must appear that he had no property liable to be seized and sold on execution issued upon the judgment recovered against him for the

debt. Judge Sharswood, who delivered the opinion of the court, after referring to a former decision, in which the distinction between guaranty and suretyship had been pointed out, said: "If we substitute any other word in the paper in question for the word 'guarantee,' as 'promise,' 'agree,' or 'undertake,' there can be no doubt that the writing would import an absolute and direct engagement for the payment of the contract." In *Johnston* v. *Chapman*, 3 Pa. 18, it was held that the legal import of the term "guarantee" is the promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who in the first instance is liable; and that decision was followed in *Isett* v. *Hoge*, 2 Watts, 128. In *Sherman* v. *Roberts*, 1 Grant Cas. 261, however, the word "guarantee" was held to have been used in its proper and not in its technical sense, a sense, it may be remarked, which very few laymen know, or consider in making contracts of this kind. The leaning of this court of late years has, therefore, very properly been against construing such contracts to be general guarantees, referring to a number of cases. The learned judge then proceeded to say this: "The case here, however, was evidently tried below on the assumption that it was a contract of general guaranty and considered in that light. We are unable to perceive that any error was committed by the learned judge, of which the plaintiff has any right to complain. The creditor, in order to recover against a technical guarantor, must prove due diligence against the principal debtor, or excuse himself by showing his insolvency, so that such pursuit would be fruitless. But it is not necessary that he should prove both." It will be seen by this quotation from the opinion in *Woods* v. *Sherman*, that the court there did not hold any different view than we have expressed. The Pennsylvania courts, evidently, were in the habit of attaching a great deal of importance to the technical meaning of the word "guaranty," irrespective of the sense in which it was intended to be used by the parties employing the term, though more latterly they have been inclined to construe it in accordance with its popular signification. The New York courts, on the other hand, when presided over by

such judges as Bronson, discarded any such narrow construction, and determined that the language used by the parties to the writing, when plain and explicit, indicated their intent, without regard to the strict legal meaning of terms employed by them, and which they probably did not understand. There is no mistaking what was intended by the appellant when he executed the instrument sued upon in this case, nor as to what the respondents understood he intended when they accepted it, and the court ought not, in deference to any technical meaning of terms employed, or otherwise, undertake to make a different contract for them than that which they intended to make for themselves. It follows that the judgment appealed from must be affirmed.