SHICKLE, HARRISON & HOWARD IRON COMPANY, Appellee, v. COUNCIL BLUFFS CITY WATER-WORKS COMPANY, Appellant.

Sale: GUARANTY AS TO PAYMENT OF PURCHASE PRICE: CONSTRUCTION. By a contract between the plaintiff and defendant and a certain construction company, the plaintiff undertook to furnish the construction company with certain materials in installments, and at prices named, which the construction company agreed to pay for weekly to the extent of ninety per cent. of the value of the materials received, and to make monthly payments in full for all materials received in the month preceding; such payments to be made upon drafts drawn at

three days' sight by the plaintiff. The faithful performance of all the obligations of this contract by the construction company was guaranteed by the defendant, and to such end agreed to deposit as security for the full performance of said obligations the sum of ten thousand dollars with a bank named, the same to be applied to the payment of any sum which the said construction company might fail to pay in the manner set forth in said contract. *Held,* that the guaranty of the defendant was not special, as applying only to dishonored or repudiated drafts drawn upon the construction company, but was general, and that the defendant was liable to the plaintiff thereon for the amount of the unpaid balance due from the construction company for materials furnished under said contract, whether drafts had been drawn therefor upon the construction company or not.

*Appeal from Pottawattamie District Court.*—Hon. N. W. Macy, Judge.

Monday, October 12, 1891.

Action to recover on a contract of guaranty. There was a judgment for the plaintiff from which the defendant company appeals.—*Affirmed.*

*Wright, Baldwin & Haldane,* for appellant.

*John L. Webster* and *J. Lyman,* for appellee.

Granger, J.—The plaintiff company is a corporation organized under the laws of the state of Missouri, the defendant company is a corporation organized under the laws of this state, and the American Construction Company is a corporation organized under the laws of the state of New York. These corporations are, for the sake of brevity, designated in the record as the "iron company," the "water-works company" and the "construction company," and these designations will, for the same reason, be followed in the opinion. The business of the iron company is the manufacture and sale of iron pipes, castings, etc.; of the construction company, that of constructing systems of water works; and that of the water-works company the operation of

a system of water works at Council Bluffs, Iowa. On the twelfth day of April, 1882, the three companies entered into a written agreement, in which it was recited:

"That whereas the said construction company is now engaged in constructing a system of water works for the said water company at the city of Council Bluffs, and will require in the construction thereof a certain quantity of cast-iron pipe, and the special castings properly belonging thereto, all of which is set forth in a specification annexed hereto; and whereas the said iron company is prepared to furnish all of said pipe and special castings, and is willing to deliver the same at the city of Council Bluffs at the period, and for the prices, and on the terms hereinafter named: Now, therefore, this agreement witnesseth, that for and in consideration of the premises, and of the sum of one dollar, lawful money of the United States of America, this day in hand paid by each of the parties hereto to each of the other parties hereto, the receipt whereof is hereby acknowledged, and, in consideration of the covenants and agreements to be hereinafter kept by each of the parties hereto, the said parties of the first, second and third parts hereto have agreed, and do hereby agree, each with the other, as follows, that is to say: *First*, that the said iron company shall and will furnish all pipes and special castings named in the specifications annexed hereto, and strictly in accordance with the provisions therein named, or the modifications therein made, and shall and will deliver all of the same on cars at the city of Council Bluffs, Iowa, within five months from the date hereof; shipments to commence immediately, and to proceed in the following order, namely: The four, six and eight-inch pipe, and the special castings properly belonging thereto, shall be delivered within sixty days from the date hereof; and the ten, twelve, sixteen, twenty and

twenty-four inch pipe, and the special castings belong-
ing thereto, shall be delivered within three months
thereafter." The second and third paragraphs are
unimportant in this connection, being specifications as
to quantity and price of the pipe and castings. Then
follows: "*Fourth.* That payment for said pipe and
special castings shall be made weekly by the said con-
struction company to the said iron company of ninety
(90) per cent. of the value of all pipe and special cast-
ings shipped, and monthly payments in full shall be
made on or before the fifteenth (15) day of each month
for all the said pipe and special castings delivered on
cars at Council Bluffs in the month preceding; all pay-
ments to be made upon drafts drawn at three days'
sight by the said iron company upon the said construc-
tion company. *Fifth.* That the said water-works com-
pany shall, and it does hereby, guaranty the faithful
performance by the said construction company of all
the obligations herein set forth, and all of the provis-
ions of this agreement, and to this end will and
hereby agrees to deposit, as security for the full per-
formance of said obligations, the sum of ten thousand
dollars in the hands of the Commercial Bank of St.
Louis, the same to be applied to payment to the said
iron company of any such sum as the said construc-
tion company may fail to pay in the manner herein set
forth, and the said iron company agrees to allow the
said construction company interest at the rate of six
per cent. per annum on the above ten thousand dollars,
or any part thereof not used for the purpose of pay-
ment as above set forth, and the total amount, with
accrued interest, to be applied upon final payment
under this contract."

Pursuant to the contract, the plaintiff company
furnished pipe and castings for the construction of the
water works at Council Bluffs, on which it claims an
unpaid balance of fifty-two hundred and twenty-nine

dollars and two cents, with accrued interest, and this action is brought to recover from the defendant company on its contract of guaranty. The contention in the case arises on a construction of the contract of guaranty; it being that of the defendant company that its obligation was only "to make good dishonored or repudiated drafts drawn by the iron company or the construction company;" that it only guaranteed that the construction company would meet these drafts." The appellee's contention is that the undertaking of guaranty is broader, and of a general, rather than of a technical or special, character. We think, when the contract is considered in all its parts, the position of the appellee must be sustained. There is at first view a seeming force to the idea that, because of the words in the contract, "all payments to be made upon drafts drawn at three days' sight by the iron company upon the said construction company," the obligation of guaranty arises only when the facts show a failure of the construction company to pay upon drafts so drawn and presented. But a closer scrutiny of the language of the contract and the purpose of the parties, as indicated by its use, leads to a different and far more satisfactory conclusion. We think it unmistakable from the record that at the commencement of this suit the construction company was indebted to the plaintiff company to the amount specified in the judgment rendered by the district court, and that the failure of payment of the construction company in no manner depended upon a neglect or failure to present drafts therefor. We are then to consider the point of defendant's liability, with the fact in view that the construction company has not met its obligations, unless we hold that no obligation arises because of a failure to observe a useless formality in presenting the drafts when payment would be refused or neglected, which we are neither asked nor disposed to do.

With the obligation of the construction company thus fixed for the purposes of the case, we properly come to the question of the defendant company's obligation under the contract of guaranty, and must look to the language giving rise to it. The fifth paragraph of the contract is the only one specifying its obligation, and it provides "that the said water-works company shall, and it does hereby, guaranty the faithful performance by the said construction company of all the obligations herein set forth, and all of the provisions of this agreement, and to this end will and hereby agree to deposit as security," etc. It contains no words limiting the obligations of guaranty to the payment of dishonored drafts, but, on the contrary, it expressly guarantees the performance by the construction company "of all the obligations" set forth in the contract. The obligations of the construction company for payment are those arising under the contract, and we see no escape from the conclusion that the defendant company is liable. This holding effectuates justice, and is in harmony with the rule that in construing contracts of guaranty technicalities should be avoided, and the reasonable intent of the parties, as it may be gathered from all parts of the contract, should prevail. See, as more or less supporting the rule; *Wadsworth v. Smith*, 43 Iowa, 439; *Tootle v. Elgutter*, 14 Neb. 158; 15 N. W. Rep. 228; *Weiler v. Henarie*, 15 Or. 28; 13 Pac. Rep. 614; *Union Bank v. Coster*, 3 N. Y. 203; *Dobbin v. Bradley*, 17 Wend. 422.

With these views, the judgment of the district court must be and is AFFIRMED.