## Cornman v. Pennsylvania Railroad Company

*Gilbert Nurick* and *Benjamin Levi*, for plaintiff.

*Nauman, Smith & Hurlock*, for defendant.

WICKERSHAM, J., January 14, 1935.—This is an action in assumpsit in which the plaintiff seeks to recover from the Pennsylvania Railroad Company sick benefits which he claims have been denied him by the Pennsylvania Railroad Voluntary Relief Department.

It is admitted in plaintiff's statement that said Relief Department is an unincorporated association, consisting of employes of the Pennsylvania Railroad Company and other rail carriers, organized for the purpose of providing sick and accident benefits and superannuation benefits to its members. Plaintiff became a member of said relief department. A copy of his certificate of membership, attached to plaintiff's statement, provides as follows:

"The Pennsylvania Railroad Voluntary Relief Department Certificate of Membership in the Relief Fund.

"No. 477347

"Office of the Superintendent, Philadelphia, Pa., Dec. 16, 1912.

"This Certified that Roy E. Cornman employed by The Pennsylvania Railroad Company                    is a member of the Relief Fund of that Company, and is entitled to the Benefits provided by the Regulations of the Relief Department for a member of the second class, with no additional Death Benefit of the first class.

"(Sgd.)   E. B. HUNT,
"Superintendent of the Relief Department.

(Fifth Class)
(Jan. 1-1920)"

At a later date he was admitted into membership in the fifth class, and was given a certificate entitling him to the benefits provided by the regulations of the relief department for a member of the fifth class. A copy of his certificate for this class is attached to plaintiff's statement, and is substantially in the same language as the one above quoted.

On December 24, 1930, he reported on the relief, suffering from various diseases and received his sick benefits until August 7, 1931, on which date the medical examiner of said relief department directed him to return to duty. Plaintiff contends he was not able to report to duty because of his ailments. He further pleads Regulation No. 5 of the regulations of the relief department to which reference will hereafter be made.

The defendant filed an affidavit of defense raising the following questions of law: That the statement of claim does not set forth any contractual rela-

tions between plaintiff and defendant upon which the said claim could be based; that the statement of claim on its face shows that the Pennsylvania Railroad Voluntary Relief Department is the party with whom plaintiff entered into the alleged contractual relationship, and that defendant undertook, by a contract with the said Pennsylvania Railroad Voluntary Relief Department, to guarantee the fulfillment of its obligations; the custody of its funds, and to supply the necessary facilities for conducting its business, and the payment of all operating expenses therefor, and that plaintiff was not a party to said contract; and that equity has jurisdiction of the matter here involved to avoid a multiplicity of suits.

### Discussion.

Regulation No. 5 of the relief department provides, among other things, that the Pennsylvania Railroad Company, the defendant in this case, guaranteed the obligations of the relief department. A study of said Regulation No. 5 leads us to the conclusion that this is a contract of guaranty.

"The term 'guaranty' . . . is a collateral promise or undertaking by one person to answer for the payment of some debt or the performance of some contract or duty in case of the default of another person, who in the first instance is liable for such payment or performance; a collateral promise or undertaking to pay a debt owing by a third person in case the latter does not pay. It is an agreement by one person to answer to another for the debt, default, or miscarriage of a third person": 28 C. J. 886. See also Wood v. Bevan & Bro., 8 Montg. 189; Shollenberger's Estate, 1 Woodw. 316.

A "guaranty" in its technical and legal sense has relation to some other contract or obligation with reference to which it is a collateral undertaking: Cochran v. Dawson, 1 Miles 276, in which it is held:

"In the case of general guarantee, where the contract is indefinite as to the time and manner of default in the principal, the creditor, in order to recover on such contract, is in general bound to show the default and the insolvency of the principal, or that coercive measures have been used against him without effect."

Counsel for the plaintiff now contends that the contract expressed in Regulation 5 of the rules and regulations is a contract of surety and not of guaranty. We think this regulation is clearly distinguished from a contract of suretyship in the following particulars:

" . . . where the contract defines the time of default when the surety is to pay, or to see the debt paid, the creditor, when that period arrives, has his right of action on the contract, without pursuing the principal or showing his insolvency": Cochran v. Dawson, supra.

"Where a contract defines a time when the promisor is to assume liability for a debt, his obligation is that of suretyship; but where there is no time fixed the obligation is general and merely that of guaranty:" Homewood Peoples Bank v. Hastings, 263 Pa. 260. See also American Radiator Co. v. Hoffman, 26 Pa. Superior Ct. 177, and Reigart v. White, 52 Pa. 438.

" . . . The contract of the surety is a direct original agreement with the obligee that the very thing contracted for shall be done, whereas a guarantor enters into a cumulative collateral engagement, by which he agrees that his principal is able to and will perform a contract which he has made or is about to make, and that if he defaults the guarantor will, upon being notified thereof, pay the resulting damages . . . "; 28 C. J. 891, sec. 5; citing Woods v. Sherman et al., 71 Pa. 100, in which it is held:

"To recover against a guarantor, the creditor must prove due diligence against the debtor or his insolvency, so that pursuit would be fruitless. He need not prove both." See Hartman v. First National Bank of Lancaster, 103 Pa. 581; Zahm v. First National Bank of Lancaster, 103 Pa. 576; McBeth v. Newlin, 15 W. N. C. 129; and Allegheny Light Co. v. Reinhold, 7 Dist. R. 385.

We are of opinion, therefore, that the record does not show any contractual relation between the plaintiff and the defendant. The contract was made between the Pennsylvania Railroad Voluntary Relief Department and the plaintiff, and it appearing from the above authorities that this is a contract of guaranty and not of surety, the plaintiff must exhaust his remedy against his principal, the said relief department, before proceedings may be had to collect the debt from this defendant: Frechie v. Drinkhouse, 4 W. N. C. 298; Camden and Atlantic R. R. Co. v. Pennypacker, 21 W. N. C. 118; Mizner v. Spier, 96 Pa. 533; Seiple's Appeal, 11 W. N. C. 392.

It appearing in the pleadings that the said relief department is an unincorporated association, the proper proceeding by the plaintiff to establish his right is in equity and not at law: Meacham et ux. v. Penna. Railroad & E. B. Hunt, Supt. Penna. Railroad Voluntary Relief Dept., 35 Dauph. 169, and cases therein cited.

For the reasons above given the defendant's affidavit of defense raising questions of law must be sustained.

And now, January 14, 1935, it is ordered, adjudged and decreed that the affidavit of defense raising questions of law must be sustained, and judgment is therefore entered for the defendant and against the plaintiff.