### ROURKE v. NORTHEN.

No. 27987. March 29, 1938.

Rehearing Denied May 24, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 21, 1938.

Roddie & Beckett, for plaintiff in error.

L. E. McElroy, for defendant in error.

CORN, J. This is an appeal from a judgment of the court of common pleas of Oklahoma county upon a promissory note and for the foreclosure of a chattel mortgage securing said note. Judgment was for the plaintiff, and the defendant appealed. The parties are referred to herein as they appeared in the trial court.

The pertinent facts of the case will appear from the discussion of the propositions presented for review.

The defendant first contends that an action in replevin cannot be joined with an action upon promissory note and with an equitable action to foreclose mortgage lien, citing Galbreath v. Mayo et al., 70 Okla. 252, 174 P. 517, which is not applicable to the facts in this case. This question was raised by demurrer at the trial of the cause in the court below, and the demurrer was properly overruled for the reason that the gist of the action was for judgment upon a promissory note and for the foreclosure of chattel mortgage securing the same, and not an action in replevin. The only thing in the whole proceeding suggestive of a replevin action was that in accordance with the provisions of the mortgage the plaintiff prayed judgment for return of the property or its value, or in the alternative for judgment for the amount of the note, interest, attorney's fees, and costs and for the foreclosure of the mortgage. The plaintiff's petition was titled "Petition to Foreclose Chattel Mortgage," and the plaintiff proceeded in all respects as in a foreclosure action. The contention is not well founded and is without merit. .

The next proposition is that an action cannot be maintained upon a promissory note not due at the time the action is filed.

The note sued on was payable on or before July 16, 1937. In the lower left corner of the note on the line for the due date was written "Due $50.00 monthly," and the chattel mortgage securing the note contains a schedule of payments on the monthly payment plan at $50 per month, except that the first and last payments were each for a lesser sum, but all totaling the amount of the note. The mortgage provides that in case default is made in any of the monthly payments at maturity, or in case of a breach of any of the conditions in the mortgage, the whole debt shall become due at the option of the mortgagee, and that the mortgagee shall have the right to the immediate possession of the property and the right to take immediate possession of it, and to foreclose the mortgage to satisfy the whole debt. The first installment was due December 23, 1936, and the second was due on January 16, 1937, and the action was commenced on February 3, 1937, after the defendant had defaulted in the payment of the first two installments. The plaintiff had sold the defendant a small stock of groceries and fixtures in a small neighborhood store. The defendant not only failed to pay the first two installments, but was disposing of the stock of merchandise when the suit was filed.

The defendant also contends that there is an irreconcilable conflict between the mortgage and the note as to the time when the note is payable, and that the time fixed in the note must govern; and that, although the terms of the mortgage be accepted as governing, there was no evidence of default in any payment.

The facts do not justify the application of the rule contended for by the defendant. It is sufficiently clear upon the face of the note that it was an installment note due and payable in installments of $50 per month. The note and mortgage were introduced in evidence, but the defendant declined to submit any evidence, and the court thereupon directed a verdict for the plaintiff.

There appearing to be no substantial merit in any of the propositions presented in the appeal, the judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.