KOURI v. TOMA.

No. 32492.   Jan. 7, 1947.

*175 P. 2d 975.*

Robinson & Oden, of Altus, for plaintiff in error.

Frank Petree, of Altus, for defendant in error.

PER CURIAM. This action was commenced to recover the balance due on a promissory note in the principal sum of $1,321.54, said note being executed by the defendant, Y. M. Kouri, payable to the plaintiff, Joseph E. Toma. The note was executed at Hobart, Okla., on January 30, 1941. On the 14th day of April, 1942, a judgment was taken for the installments due at the rate of $25 per month, the amount of said judgment being $175. In the answer in, the case at bar the position of defendant was that the judgment in the justice of peace court cancelled the remaining amount due on the said note. The note provided that the same should be paid monthly in the sum of $25 or more.

The note did not contain an accelerating clause. The one specification of error in the brief states that the only question involved in this appeal is whether a promissory note payable in installments can be made the basis of more than one cause of action. It is to be noted that the condition of the note that the same is payable in monthly payments of $25 or more is not attacked on the ground that the words "or more" renders the monthly payments uncertain and therefore without effect. The discussion in this opinion, therefore, assumes that the note was payable in monthly installments of $25.

The defendant cites and relies upon Tootle v. Kent, 12 Okla. 674, 73 P. 310; Miller v. Wentz, 194 Okla. 280, 149 P. 2d 778; First National Bank v. Schruben, 125 Kan. 417, 265 P. 53; Wulfjen v. Dolton (Cal.) 151 P. 2d 846; and Iowa Title & Loan Co. v. Clark, 215 Iowa, 929, 247 N.W. 211; Jenson v. Gamble, 191 Mich. 233, 157 N.W. 440. None of these cases involves an action upon an installment contract or note. This question, many times decided by the courts of other jurisdictions, has apparently not been discussed in a case in point in this jurisdiction. Although we have noticed related questions in Rourke v. Northen, 183 Okla. 184, 80 P. 2d 257; Gaddis v. Williams, 81 Okla. 289, 198 P. 483, and Briggs v. Wright, 162 Okla. 183, 18 P. 2d 530, the cases are not decided on fact situations similar to the case at bar. It is the general if not universal rule that when a specified sum of money is payable in installments each installment as it becomes due constitutes a distinct cause of action for which suit may be maintained. Especially is this true where there is no accelerating clause in the note or contract, 1 C.J. p. 1112, Action, sec. 286; Colwell v. Fulton, 117 Fed. 931; Ryall v. Prince, 82 Ala. 264, 2 So. 319; Higgins v. San Diego Sav. Bank, 129 Cal. 184, 61 P. 943; Ahl v. Ahl, 60 Md. 207; Huffman v. Martin, 226 Ky. 137, 10 S.W. 636; Davis v. Hibbs, 73 Wash. 315, 131 P. 1135; Luce v. Minard, 87 Vt. 177, 88 Atl. 728; Puckett v. Nat. Annuity Ass'n, 134 Mo. App. 501, 114 S.W. 1039; State Life Ins. Co. v. Wilson, 57 S.W. 2d 355; Community Theaters v. Weilbachar (Tex. Civ. App.) 57 S.W. 2d 941. The fact that an action has been brought and judgment obtained on the installments due does not prevent a subsequent action for the balance of the obligation when due. Colwell v. Fulton, supra; Weiler v. Henarie, 15 Ore. 28, 13 P. 614.

We therefore hold that where a promissory note is payable in installments without any accelerating clause therein, an action may be brought for the amount of the installments due and that a judgment for the delinquent installments does not bar an action for the balance of the note not due at the time the action is brought.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.