**KIAMICHI ELECTRIC COOPERATIVE,**
**Appellant,**

**v.**

**Burness UNDERWOOD, Appellee.**

**No. 77210.**

Court of Appeals of Oklahoma,
Division No. 1.

June 2, 1992.

Certiorari Denied Nov. 17, 1992.

---

---

Marc L. Bovos, Poteau, for appellant.

Douglas W. Sanders, Jr., Poteau, for appellee.

### MEMORANDUM OPINION

GARRETT, Presiding Judge;

Kiamichi Electric Cooperative, Inc. (Appellant) provides electricity to Burness Underwood (Appellee) under four different accounts. In October, 1985, tampering of the four meters was discovered by Appellant, and an investigation was conducted to determine the correct amount owed by Appellee. Appellant sued Appellee for recovery for the following time periods:

1. Account number 8715: October, 1984, through September, 1985.
2. Account number 15333: September, 1984, through September, 1985.
3. Account number 5608: September, 1984, through September, 1985.
4. Account number 17879: September, 1984, through September, 1985.

In November, 1985, Appellant sent corrected statements to Appellee, demanding payment for the unpaid service. Appellee refused to pay, and Appellant filed its petition on September 14, 1990. Appellee answered, contending the case was barred by the statute of limitations, estoppel and laches. Appellee filed a motion for summary judgment, and the trial court sustained the motion in his favor. The trial court's order stated the following:

> IT IS ORDERED, ADJUDGED AND DECREED that by virtue of the five (5) year statute of limitations applicable to written contracts, the Plaintiff's claim is barred for recovery of any amounts due on said written contracts prior to September of 1985.

> IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff's claim is not barred as to recovery for the month of September, 1985.[1]

Appellant brought this appeal from that order.

Appellant contends that the trial court committed reversible error and abused its discretion in sustaining the motion for summary judgment on the ground that the cause of action was barred by the five year statute of limitations. It contends that the cause of action could not accrue until either the discovery of the tampering in October, 1985, or the time the services were billed in November, 1985. Appellee responds that the discovery rule for tolling of statutes of limitations applies only to tort actions and is inapplicable to the present case.

The statute of limitations which is applicable to contract actions is found at 12 O.S. 1981 § 95 (First):

> Civil actions other than for the recovery of real property can only be brought within the following periods, after the

cause of action shall have accrued, and not afterwards:

> First. Within five (5) years: An action upon any contract, agreement or promise in writing....

It is undisputed that there are three contracts involving the above-referenced four accounts of Appellee. The contracts were executed on January 23, 1966, February 20, 1970 and April 23, 1976. Each of the contracts contains a provision that requires Appellee to make payments monthly when electricity is provided. Paragraph two of the April 23, 1976 contract, which is substantially similar to the other contracts, provides:

> 2. The applicant will, when electric energy is made available to him, purchase from the Cooperative, all electric energy used on the premises described below and will pay therefor *at monthly rates* to be determined from time to time in accordance with the bylaws of the Cooperative, provided, however, that the Cooperative may limit the amount of electric energy to be furnished.... (Emphasis added).

 The contracts at issue are in the nature of installment contracts for which a new payment is due each month, the amount to be determined by usage. A statute of limitations begins to run when a cause of action accrues; accrual of a cause of action occurs when a plaintiff could have first maintained his action successfully. *Oklahoma Brick Corporation v. McCall*, 497 P.2d 215, 217 (Okl.1972). Each monthly due date constitutes a new cause of action, and the statute of limitations begins to run with each new due date. *Oklahoma Brick Corporation v. McCall*, supra; *Kouri v. Toma*, 198 Okl. 111, 175 P.2d 975 (1947). Thus, the payments due more than five years before September 14, 1990, the date Appellant filed its petition, are barred by 12 O.S. 1981 § 95 (First). The "discovery rule", for purposes of tolling the statute of limitations, is applicable to tort cases. See *Reynolds v. Porter*, 760 P.2d 816, 820 n. 8 (Okl.1988).

---

1. Subsequently, Appellant dismissed without prejudice its claim for recovery for the month of September, 1985. That time period is therefore not considered in this appeal.

Appellee argues in his brief that it was the responsibility of Appellant to read the meters and check them, and that it failed to use due diligence in doing so in order to discover the fact of the tampering. Appellant responds that it was learned at the hearing on the motion for summary judgment that reading the meters was Appellee's responsibility. However, no record of that hearing was made, and this Court will not presume legal error from a silent record. *Hamid v. Sew Original*, 645 P.2d 496 (Okl.1982). In a letter from Appellee to Appellant's general manager, attached to Appellant's response to Appellee's request for production of documents, Appellee stated the following which indicates prior knowledge on the part of Appellant:

Account # 5608: Serving a cafe and Account # 17879: a Residence; If they were *ever* stopped or for some reason, operating slowly, was not brought to my attention, nor did I have knowledge of this. These businesses were occupied by several different renters on different occasions. With them being open six or seven days per week, twenty-four hours per day, I did not realize it was my responsibility to test and repair these meters. Although being inexperienced at repairing them may not be a good reason, I felt that by my constantly notifying you (thru your service rep.) was often (sic) as far as my duty extended. (Emphasis in original).

Summary judgment should be granted where facts set forth in affidavits, depositions, admissions on file and other competent extraneous materials show there is no substantial controversy as to any material fact. Rule 13, Rules of the District Courts, 12 O.S.Supp. 1984, App.; *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780 (Okl.1976). The undisputed material facts in this case show that Appellee is entitled to judgment as a matter of law. The time periods for which payment is sought by Appellant are not within five years of the petition filed in this case on September 14, 1990. Appellant has not disputed these material facts through evidence, but has only alleged that it is undisputed that the tampering was not discovered until October, 1985. However,

Appellant has not cited authority for the proposition that the statute of limitations does not begin to run in a contract action until the breach is discovered. Even considering the motion in the light most favorable to Appellant, we find Appellee is entitled to judgment as a matter of law. The trial court's order sustaining the motion for summary judgment in favor of Appellee is AFFIRMED.

BAILEY and ADAMS, JJ., concur.